IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LLOYD WELDON, D.O., | § | |
|     PLAINTIFF, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:04-CV-516-BE |
| | § | |
| TEXAS WORKERS' COMPENSATION | § | |
| COMMISSION, et al., | § | |
|     DEFENDANTS. | § | |

MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion for Summary Judgment, filed October 3, 2003. Having reviewed the arguments, evidence of record, and the substantive law, the Court finds that Defendants' Motion for Summary Judgment should be granted.

A.  HISTORY

In 2001, the Texas Legislature overhauled the state's workers compensation system, and in compliance with the changes, the Texas Workers' Compensation Commission amended the rules governing the Commission's Approved Doctor List (the ADL). Except in emergency situations, a doctor must be on the ADL to provide health care services to injured workers in the Texas workers' compensation system and receive payment for those services. Tex. Labor Code Ann. § 408.023 (Vernon Supp. 2005); 28 Tex. Admin. Code § 180.20(a). Until August 31, 2003, all licensed doctors in Texas were automatically included on the ADL, but effective September 1, 2003, any doctor desiring to be on the ADL was required to reapply and obtain the Commission's approval. 28 Tex. Admin. Code § 180.20(a). Temporary exceptions were extended to doctors so that they could provide health care services to injured workers while the Commission reviewed the applications submitted for admission to the ADL. 28 Tex. Admin. Code § 180.20(e).

Lloyd Weldon is an osteopathic doctor, Texas License # E6947. (Def. Mot. Summ. J., App. E). On December 13, 2002, the Texas Board of Medical Examiners suspended Weldon's license to practice medicine, but stayed that suspension and placed Weldon on probation for ten years. (Def. Mot. Summ. J., App. A).

Weldon applied for admission to the ADL on August 22, 2003 and was granted Temporary Exception Status beginning September 1, 2003. (Def. Mot. Summ. J., App. B, D). By letter dated April 13, 2004, the Commission notified Weldon that it was recommending denial of his application because of the suspension of his medical license in 2002. (Def. Mot. Summ. J., App. E, F). Weldon was allowed to respond in writing, (Def. Mot. Summ. J., App. G), but the Commission ultimately denied his application on May 13, 2004. (Def. Mot. Summ. J., App. H).

Weldon filed a civil action in the Northern District of Texas on July 13, 2004 against the Commission, its executive director, and the physician who headed up the Medical Quality Review Panel that denied Weldon's application. Weldon alleges that he was denied equal protection and due process of law as guaranteed by the United States and Texas Constitutions because he was not given a hearing before or after the Commission issued its decision. He also asserts that the Commission's amended administrative rules governing the ADL conflict with provisions in the Texas Labor Code that provide for a hearing. (Plf. Orig. Compl., ¶¶ 8.1-8.33). Weldon seeks declaratory relief and a permanent injunction.

B.  THRESHOLD ISSUES

Pending before the court is a motion for summary judgment filed October 3, 2005 by the Texas Department of Insurance, Division of Worker's Compensation, as well as the Commissioner of the Division of Workers' Compensation and William Nemeth. Weldon has filed no response to

the motion, but objects to the motion on the basis that the Texas Department of Insurance is a non-party and that any determination of the motion should be stayed until at least February 28, 2006. The Texas Legislature abolished the Texas Workers' Compensation Commission effective September 1, 2005 and directed that all rights and responsibilities of the Commission be transferred to the Texas Department of Insurance, Division of Workers' Compensation no later than February 28, 2006. *See generally* Tex. Labor Code Ann. § 402.001 historical note (Vernon Supp. 2005).

Weldon fails to demonstrate that the motion for summary judgment is invalid because it is filed by a successor entity instead of a nonexistent entity. For ease of reference in disposing of the summary judgment motion, however, the Defendants will be collectively referred to as "the Commission."

Weldon alternatively asserts that the case should be stayed pending the implementation of new rules promulgated by the commissioner of workers' compensation, which may or may not moot his case. However, Weldon's complaint challenges rules implemented by the Commission in 2001, which remain in effect until such time as they are superseded by rules to be adopted by the commissioner. *See id*. Staying this action is unnecessary for a full and fair resolution of the parties' present dispute.

C.   SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986). The court views all of the evidence and inferences therefrom in the light most favorable to the nonmovant.

*Hibernia Nat'l Bank v. Carner*, 997 F.2d 94, 97 (5th Cir. 1993).

The movant bears the initial burden of showing that no genuine issue of material fact exists, but once the movant makes such a showing, the burden shifts to the nonmovant to produce competent summary judgment evidence of the existence of a genuine issue of material fact. *Anderson*, 477 U.S. at 256-57, 106 S.Ct. at 2514, 91 L.Ed.2d 202. An issue is genuine if there is sufficient evidence for a reasonable jury to return a verdict in favor of the nonmovant. *Id.* at 248, 106 S.Ct. at 2510. A fact is material if its resolution would affect the outcome of the suit under the governing law. *Id.*

D. DISCUSSION

    1. Eleventh Amendment

The Commission asserts that the claims against it and its employees or agents are barred by the Eleventh Amendment, which provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. CONST. amend. XI. Although the express terms of the Amendment do not bar suits against a State by its own citizens, the United States Supreme Court has consistently found that an unconsenting State is immune from suits in federal court brought by her own citizens as well as citizens from other States. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984); *Edelman v. Jordan*, 415 U.S. 651, 662-63, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974). This is a jurisdictional bar that applies regardless of the nature of the relief sought. *Pennhurst*, 465 U.S. at 100-01, 104 S.Ct. at 908-09.

There is an exception to sovereign immunity in that the Eleventh Amendment does not bar a federal court from granting prospective injunctive relief against state officials who are found in violation of federal law. *Ex parte Young*, 209 U.S. 123 (1908); *Aguilar v. Texas Dept. of Criminal*

*Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998).  However, relief for violations of state law or retroactive relief for any violation of federal law by state officials remains unavailable.  *Pennhurst*, 465 U.S. at 102-03, 106, 104 S.Ct. at 909, 911; *Edelman*, 415 U.S. at 664-65, 94 S.Ct. at 1356-57.

Weldon has filed no response to the motion for summary judgment and does not dispute that the Commission and the newly created Division of Workers Compensation in the Texas Department of Insurance are arms of the state and governed by an expansive state statutory scheme.  *See generally* Tex. Labor Code Ann. § 402.001 et seq.  (Vernon 1996 & Supp. 2005).  Absent any dispute, the court deems it unnecessary to analyze the Commission's undisputed status under the six-factor test identified by the Fifth Circuit in *Minton v. St. Bernard Parish School Bd*, 803 F.2d 129, 131 (5th Cir. 1986).[1]  However, the court notes that even a cursory inventory of the Commission's origins and duties favor a finding of state arm status.  In addition, the United States District Court for the Northern District of Texas has previously recognized the Commission as an arm of the state for purposes of a dispute related to diversity jurisdiction.  *See Ogundipe v. Texas Workers' Comp. Comm'n*, 2003 WL 21145580 at *1 (N.D. Tex. April 24, 2003)(Magistrate Judge report and recommendation), *adopted* 2003 WL 21488152 (N.D. Tex. May 14, 2003).

The Eleventh Amendment bars all claims Weldon has asserted against the Commission.  Claims against the named state officials based on state law or which seek retroactive relief are similarly barred.

    2.    Due Process and Equal Protection Guarantees

---

[1] The relevant factors include (1) whether state statutes and case law characterize the agency as an arm of the state; (2) the source of funds for the entity; (3) the degree of local autonomy the entity enjoys; (4) whether the entity is concerned primarily with local, as opposed to statewide, problems; (5) whether the entity has the authority to sue and be sued in its own name; and (6) whether the entity has the right to hold and use property.  *Id*.

Weldon asks that the court enjoin the enforcement of the order removing him from the ADL[2] and prohibit Commission officials from removing other health care providers from the list without conducting a hearing in accordance with due process guarantees in the Fifth and Fourteenth Amendments. He contends that he has been denied both a property interest and a liberty interest without due process.

The procedural component of the Due Process Clause requires states to provide a constitutionally adequate process before depriving an individual of life, liberty, or property. *Zinermon v. Burch,* 494 U.S. 113, 125, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990). Procedural due process claims require a two-part analysis: (1) whether the plaintiff has a liberty or property interest that is entitled to procedural due process protection; and (2) if so, what process is due to sufficiently protect that interest. *See Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 428, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982); *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569-70, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972).

In *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), the Court stated that a due process analysis considers the following factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. *Id.* at 335, 96 S.Ct. at 903. A review of these factors demonstrates that there are no genuine issues of

---

[2] Weldon's request appears to be inaccurate as he was not removed from the ADL. He was denied admission to the ADL. The court will construe his request for relief as a request that his application be re-opened due to the lack of a hearing before the Commission rendered an adverse decision.

material fact that would preclude summary judgment in favor of the Defendants.

Weldon contends that the right to practice medicine under an administrative program that provides reimbursement for the treatment of injured workers is a property right or privilege subject to due process protections. (Plf. Compl. ¶ 8.3). He also complains that excluding him from the ADL has restricted his business opportunities and impugned his reputation, thus denying him a liberty interest. (Plf. Compl. ¶ 8.7).

To have a property interest in a benefit, a person must have more than an abstract need or desire for it, and must have more than a unilateral expectation. *Board of Regents of State Colleges v. Roth*, 408 U.S 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). He must have a legitimate claim of entitlement. *Id.* Professional licenses can be the subject of a property interest subject to due process requisites. *Leland v. Mississippi State Bd. of Registration for Professional Engineers and Land Surveyors*, 841 F. Supp. 192, 198 (S.D.Miss. 1993). The right to hold specific private employment and follow a chose profession free of unreasonable government interference may also state a liberty interest subject to due process protections. *Vander Zee v. Reno*, 73 F.3d 1365, 1370-71 (5th Cir. 1996).

However, Weldon has not been denied the right to practice his profession as a doctor. He has been denied admission to an administrative program designed to facilitate treatment of injured workers in Texas. Weldon remains free to practice medicine and treat patients outside the workers' compensation program. Merely because government may not unreasonably interfere with a person's right to practice his profession does not mean that it must pay him to practice it. *Sandefur v. Cherry*, 718 F.2d 682, 688 (5th Cir. 1983).

Even assuming a property or liberty interest is implicated, Weldon fails to demonstrate that

the process that was provided to him was insufficient. Weldon was denied admission to the ADL due to the suspension of his medical license. Weldon could not have advanced his position by having a hearing because license suspension presents a mandatory ground for denial under the Commission's rules for admission to the ADL. *See* Tex. Admin. Code §§ 180.20(f), 180.26(b)(4). Weldon was given notice of the Commission's decision to deny his application and took advantage of the opportunity to respond by letter. *See* Tex. Admin. Code §§ 180.20 (g)(2), 180.27(f). He has not shown that there was additional information he could have provided at a hearing that could not be presented in a written response. The only material issue for purposes of the ADL list was whether Weldon's medical license had been suspended or not, and that fact was established by the order of the Board of Medical Examiners in 2002. *See Bell v. Texas Workers Compensation Comm'n*, 102 S.W.3d 299, 302-03 (Tex. App.–Austin 2003, no pet.)(noting that physician's removal from list was not discretionary once it was determined that his license had been suspended, although that suspension had been stayed and probation imposed). Due process does not require holding a useless hearing when there are no factual disputes to resolve. *See Gilbert v. Homar*, 520 U.S 924, 933, 117 S.Ct. 1807, 1813, 138 L.Ed. 590 (1997).

The governmental interests at stake similarly favor the state. The Constitution does not guarantee an unrestricted privilege to engage in a particular profession or a privilege to conduct a business as one pleases. *Nebbia v. People of State of New York,* 291 U.S. 502, 527-28, 54 S.Ct. 505, 511-12, 78 L.Ed. 940 (1934); *Hawkins v. Agricultural Mktg. Serv.,* 10 F.3d 1125, 1133 (5th Cir. 1993). Furthermore, the State has a legitimate interest in maintaining the quality of medical care provided within its borders. *Bigelow v. Virginia*, 421 U.S. 809, 827, 95 S.Ct. 2222, 2235 (1975); *Barsky v. Board of Regents*, 347 U.S. 442, 451, 74 S.Ct. 650, 655, 98 L.Ed. 829 (1954).

The Texas Legislature has vested the Commission with authority to develop a list of doctors approved to provide health care services under the workers' compensation program. *See* Tex. Labor Code Ann. § 408.023(a) (Vernon Supp. 2005). In accomplishing the task, the Commission has determined that doctors shall be denied admission to the ADL for any reason that would support their removal from the same list. Tex. Admin. Code § 180.20(f). The Commission's determination that license suspension, regardless of whether that suspension is subsequently stayed or probation imposed, is a mandatory ground for exclusion from the ADL that warrants only limited procedural protections is not an arbitrary or capricious decision for purposes of due process analysis. *Cf. Emory v. Texas State Board of Medical Examiners*, 748 F.2d 1023, 1026 (1984)(finding that Plaintiff had failed to demonstrate that Boards' disciplinary scheme or application thereof was irrational). Assuming that Weldon has a liberty or property interest at stake, he has been awarded at least as much due process as the Constitution requires.

It is ORDERED that Defendants' Motion for Summary Judgment is granted.

It is ORDERED that Plaintiff's Objection to Defendants' Motion for Summary Judgment is overruled.

SIGNED DECEMBER 6, 2005.

  /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE